IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

MARKETGRAPHICS    RESEARCH
GROUP, INC.,

      **Plaintiff,**

v.

DONALD BERGE; DAVID BERGE;
MARTHA BERGE; REALYSIS OF
MEMPHIS, LLC; REALYSIS OF
JACKSON, LLC, and REALYSIS,
LLC,

      **Defendant.**

**Case No. 3:13-cv-00001**

**Judge Trauger**

**Magistrate Judge Bryant**

---

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

## I. REQUESTS FOR ADMISSION

1.     That on January 15, 1997, Donald Berge entered into the MG Agreement.

    **RESPONSE:**    Admitted.

2.     That the parties to the MG Agreement exchanged consideration in connection with its execution.

    **RESPONSE:**    Admitted.  Donald Berge paid $25,000 initially, plus $15,000 annual renewal.

3.     That the MG Agreement constitutes a contract.

    **RESPONSE:**    Admitted that the Agreement is a contract between the Plaintiff and Donald Berge only.

4.     That all parts of the MG Agreement remained in force from January 15, 1997, until September 28, 2012.

**RESPONSE:** Admitted.

5.     That MarketGraphics has not committed any material breach of the MG Agreement.

    **RESPONSE:** Denied. (1) "Actual cost of duplication of the reports." They have charged at least three times the actual cost. (2) MG has wrongfully charged sales tax for 10 years. (3) Extra fees not agreed to include associate data pack at $415 per cycle three times per year, and website access fees.

6.     That the terms and obligations imposed by paragraph 14 of the MG Agreement have survived the Agreement's September 28, 2012, termination and continue in force.

    **RESPONSE:** Denied.

7.     That the terms and obligations imposed by paragraph 15 of the MG Agreement have survived the Agreement's September 28, 2012, termination and continue in force.

    **RESPONSE:** Denied. All materials claimed by MarketGraphis are neither trade secrets nor copyrighted and exists in the public domain. Reproduction or use of such materials in the public domain may or may not be injurious to MG as alleged in the Request for Admission. Berge has never had any employees, and denies that the Agreement is in force and effect after its termination as to these particulars in paragraph 15.

8.     That the terms and obligations imposed by paragraph 16(C) of the MG Agreement have survived the Agreement's September 28, 2012, termination and continue in force.

    **RESPONSE:** Admitted as to the Defendant Donald Berge only.

9.     That Donald Berge executed the License Agreement.

    **RESPONSE:** Admitted.

10.     That the parties to the License Agreement exchanged consideration in connection with its execution.

    **RESPONSE:** Admitted.

{00057848.DOCX / ver:2 }

-2-

Case 3:13-ap-90400    Doc 15-3    Filed 02/13/14    Entered 02/13/14 16:17:51    Desc
Exhibit Discovery Responses (5/9/13)    Page 2 of 35

11.    That the License Agreement constitutes a contract.

**RESPONSE:**    Admitted as to a contract between the Plaintiff and Defendant Donald
Berge only.

12.    That the License Agreement remained in force at the time each wrongful act
specified in the Complaint is alleged to have occurred.

**RESPONSE:**    Defendant Donald Berge admits that the License Agreement commenced
on January 15, 1997 and terminated September 28, 2012. All Defendants deny the
wrongful acts, but as to the allegations' timing, any alleged to have occurred during that
time period are clearly within the purview of the contract. The remaining allegations
alleging post-termination wrongs are alleged to have occurred under the auspices of
continuing responsibilities of Berge under the Agreement, but the Defendants deny they
committed the wrongful acts.

13.    That MarketGraphics has not committed any material breach of the License
Agreement.

**RESPONSE:**    Denied.  See No. 5.

14.    That Donald Berge executed the Confidentiality Letter on December 23, 1997.

**RESPONSE:**    Admitted.

15.    That the parties to the Confidentiality Letter exchanged consideration in connection
with its execution.

**RESPONSE:**    Denied.

16.    That the Confidentiality Letter constitutes a contract.

**RESPONSE:**    Denied.

17.    That MarketGraphics has not committed a material breach of the Confidentiality
Letter.

**RESPONSE:**    Admitted.

18.     That the Confidentiality Letter remained in force at the time each wrongful act specified in the Complaint is alleged to have occurred.

**RESPONSE:**     Denied.

19.     That each work identified in paragraph 23(a) through paragraph 23(f) of the Complaint in this action has been duly and properly registered with the Register of Copyrights.

**RESPONSE:**     Admitted on information and belief.

20.     That the Memphis Works contain literary material subject to protection under the United States Copyright Act as an original work of authorship in a fixed tangible medium of expression.

**RESPONSE:**     Admitted that Memphis Works contains some material subject to protection under the United States Copyright Act.

21.     That the Memphis Works contain pictorial material subject to protection under the United States Copyright Act as an original work of authorship in a fixed tangible medium of expression.

**RESPONSE:**     Admitted that the Memphis Works contain some pictorial material subject to protection under the United States Copyright Act.

22.     That the Memphis Works contain compilations of data subject to protection under the United States Copyright Act as an original work of authorship in a fixed tangible medium of expression.

**RESPONSE:**     Admitted that the Memphis Works contain some compilations of data subject to protection under the United States Copyright Act.

23.     That the taxonomies used in the Memphis Works to describe activity within the new-home market, including the construction and sale of new homes, are subject to protection under the United States Copyright Act.

{00057848.DOCX / ver 2}                                         4

Case 3:13-ap-90400    Doc 15-3    Filed 02/13/14    Entered 02/13/14 16:17:51    Desc
Exhibit Discovery Responses (5/9/13)    Page 4 of 35

**RESPONSE:** Denied. A common sense analysis of the data is within the public domain, and the taxonomies are not unique.

24. That MarketGraphics is the author of every Memphis Work, and every component thereof subject to copyright, created after 2005.

**RESPONSE:** Denied. Berge designed the maps and MG area boundaries.

25. That no Defendant is an author of any Memphis Work or of any component thereof subject to copyright.

**RESPONSE:** Denied.

26. That the contributions of any Defendant to any Memphis Work, regardless of when made, were made for hire and for the benefit of MarketGraphics or Edsel Charles.

**RESPONSE:** Denied. Berge hired Edsel to publish Berge's reports.

27. That no Defendant is an owner of the copyright, or any portion or interest therein, in any Memphis Work.

**RESPONSE:** Denied. Berge is joint owner by virtue of his paying for cost of exhibited report (March report each year).

28. That no Defendant has at any time been authorized by MarketGraphics to create derivative works based on any Memphis Work.

**RESPONSE:** Denied. Many licensees provided supplemental information and reports with full knowledge of MG.

29. That no Defendant has at any time been authorized by MarketGraphics to reproduce any Memphis Work.

**RESPONSE:** Denied. Paragraph 7 authorizes reproduction of materials.

30. That no Defendant has, after September 28, 2012, been authorized by MarketGraphics to distribute copies of any Memphis Work by sale or other transfer of ownership, or by rental, lease, or lending.

**RESPONSE:**     Admitted.

31.     That you copied copyrighted material found in one or more Memphis Works and owned by MarketGraphics into one or more Realysis Work.

    **RESPONSE:**     Denied. The Memphis Works was a source of complaints by Berge's clients. Realysis is more similar to Metrostudy (which MG copied) than it is to MG.

32.     That you copied copyrighted material found in the 2006 Memphis Work having copyright registration number TX 6-371-258 and owned by MarketGraphics into one or more Realysis Work.

    **RESPONSE:**     Denied.

33.     That you copied copyrighted material found in the 2007 Memphis Work having copyright registration number TX 6-556-994 and owned by MarketGraphics into one or more Realysis Work.

    **RESPONSE:**     Denied.

34.     That you copied copyrighted material found in the 2008 Memphis Work having copyright registration number TX 6-868-478 and owned by MarketGraphics into one or more Realysis Work.

    **RESPONSE:**     Denied.

35.     That you copied copyrighted material found in the 2009 Memphis Work having copyright registration number TX 7-141-567 and owned by MarketGraphics into one or more Realysis Work.

    **RESPONSE:**     Denied.

36.     That you copied copyrighted material found in the 2010 Memphis Work having copyright registration number TX 7-141-798 and owned by MarketGraphics into one or more Realysis Work.

    **RESPONSE:**     Denied.

{00057848.DOCX / ver.2 }                                                        -6-

Case 3:13-ap-90400     Doc 15-3     Filed 02/13/14     Entered 02/13/14 16:17:51     Desc
Exhibit Discovery Responses (5/9/13)     Page 6 of 35

37. That you copied copyrighted material found in the 2011 Memphis Work having copyright registration number TX 7-472-443 and owned by MarketGraphics into one or more Realysis Work.

**RESPONSE:** Denied.

38. That you copied copyrighted material found in the 2012 Memphis Work referred to in paragraph 25 of the Complaint and owned by MarketGraphics into one of more Realysis Work.

**RESPONSE:** Denied.

39. That the MG Database contained copyrighted material published in the Memphis Works.

**RESPONSE:** Admitted.

40. That you do not own any interest in the copyright to material contained in the MG Database.

**RESPONSE:** Denied. Berge paid for reports submitted for copyright and it was for the mutual protection of both MG and MarketGraphics of Memphis (Don Berge).

41. That MarketGraphics is the sole owner of the copyrighted material contained in the MG Database.

**RESPONSE:** Admitted that MarketGraphics is the sole owner of those materials registered for copyright, but not the data collected and used to create the MG database.

42. That you copied copyrighted material contained in the MG Database into the RQDT.

**RESPONSE:** Denied. Data was entered directly into the Realysis database separate from MG.

43. That you copied data contained in the MG Database into the RQDT.

**RESPONSE:** Denied. See Response No. 42.

44. That you copied the Memphis Picture from MarketGraphics' website.

**RESPONSE:** Denied. The MG logo was put on the Realysis home page (authorized by License Agreement) with full knowledge of MG (acknowledged in letter from Edsel October 7, 2010).

45. That you placed the Memphis Picture on the web page maintained by you at www.marketgraphicsofmemphis.com.

**RESPONSE:** Denied. It was not a website, only a domain name.

46. That you placed the Memphis Picture on the web page maintained by you at www.marketgraphics.net.

**RESPONSE:** Denied. It was not a website, only a domain name.

47. That you placed the Memphis Picture on the web page maintained by you at www.realysis.com.

**RESPONSE:** Admitted.

48. That you placed the Memphis Picture on the web page maintained by you at www.helixedge-dt.com/Realysis.

**RESPONSE:** Admitted.

49. That you are the authorized licensee of the registrant of the domain name www.marketgraphicsofmemphis.com.

**RESPONSE:** Admitted.

50. That you are the authorized licensee of the registrant of the domain name www.marketgraphics.net.

**RESPONSE:** Admitted.

51. That at the time you received each Memphis Work created after 2005, you knew that the Memphis Work was subject to protection under the copyright laws of the United States.

**RESPONSE:** Admitted. It was registered with costs borne by Berge, also for Berge's protection. Joint protection of MGRG and MarketGraphics of Memphis (Don Berge).

52. That at the time you received each Memphis Work created after 2005, you knew that the copyright for that Memphis Work was owned by MarketGraphics.

**RESPONSE:** Admitted. The cost of the report furnished for registration was paid by Berge each time.

53. That you have solicited Bancorp South to purchase the Realysis Works.

**RESPONSE:** Denied. Unnecessary, as it had been Berge's client for 14 years.

54. That you have sold one or more Realysis Works to Bancorp South.

**RESPONSE:** Denied. Realysis of Memphis is a client consulting service and does not sell books. Sends out invoice quarterly for service at the time updated market research is released.

55. That you have solicited BankPlus to purchase the Realysis Works.

**RESPONSE:** Denied. See Response No. 53.

56. That you have sold one or more Realysis Works to BankPlus.

**RESPONSE:** Denied. See Response No. 54.

57. That you have solicited Boyle Investment Company to purchase the Realysis Works.

**RESPONSE:** Denied. See Response No. 53.

58. That you have sold one or more Realysis Works to Boyle Investment Company.

**RESPONSE:** Denied. See Response No. 54.

59. That you have solicited C&I Appraisal Services to purchase the Realysis Works.

**RESPONSE:** Denied. See Response No. 53.

60. That you have sold one or more Realysis Works to C&I Appraisal Services.

**RESPONSE:** Denied. See Response No. 54.

61.     That you have solicited Clark & Clark to purchase the Realysis Works.

**RESPONSE:**     Denied. See Response No. 53.

62.     That you have sold one or more Realysis Works to Clark & Clark.

**RESPONSE:**     Denied. See Response No. 54.

63.     That you have solicited Community Bank, N.A., to purchase the Realysis Works.

**RESPONSE:**     Denied. See Response No. 53.

64.     That you have sold one or more Realysis Works to Community Bank, N.A.

**RESPONSE:**     Denied. See Response No. 54.

65.     That you have solicited Covenant Bank to purchase the Realysis Works.

**RESPONSE:**     Denied. See Response No. 53.

66.     That you have sold one or more Realysis Works to Covenant Bank.

**RESPONSE:**     Denied. See Response No. 54.

67.     That you have solicited Financial Federal to purchase the Realysis Works.

**RESPONSE:**     Denied. See Response No. 53.

68.     That you have sold one or more Realysis Works to Financial Federal.

**RESPONSE:**     Denied. See Response No. 54.

69.     That you have solicited First Alliance Bank to purchase the Realysis Works.

**RESPONSE:**     Denied. See Response No. 53.

70.     That you have sold one or more Realysis Works to First Alliance Bank.

**RESPONSE:**     Denied. See Response No. 54.

71.     That you have solicited First Capital Bank to purchase the Realysis Works.

**RESPONSE:**     Denied. See Response No. 53.

72.     That you have sold one or more Realysis Works to First Capital Bank.

**RESPONSE:**     Denied. See Response No. 54.

73.     That you have solicited First Citizens National Bank to purchase the Realysis Works.

**RESPONSE:** Denied. See Response No. 53.

74. That you have solicited First Security Bank to purchase the Realysis Works.

**RESPONSE:** Denied. See Response No. 53.

75. That you have solicited First State Bank to purchase the Realysis Works.

**RESPONSE:** Denied. See Response No. 53.

76. That you have sold one or more Realysis Works to First State Bank.

**RESPONSE:** Denied. See Response No. 54.

77. That you have solicited Independent Bank to purchase the Realysis Works.

**RESPONSE:** Denied. See Response No. 53.

78. That you have sold one or more Realysis Works to Independent Bank.

**RESPONSE:** Denied. See Response No. 54.

79. That you have solicited InSouth Bank to purchase the Realysis Works.

**RESPONSE:** Denied. See Response No. 53.

80. That you have solicited Integra Realty Services to purchase the Realysis Works.

**RESPONSE:** Denied. See Response No. 53.

81. That you have sold one or more Realysis Works to Integra Realty Services.

**RESPONSE:** Denied. See Response No. 54.

82. That you have solicited M&F Bank to purchase the Realysis Works.

**RESPONSE:** Denied. See Response No. 53.

83. That you have sold one or more Realysis Works to M&F Bank.

**RESPONSE:** Denied. See Response No. 54.

84. That you have solicited Patriot Bank to purchase the Realysis Works.

**RESPONSE:** Denied. See Response No. 53.

85. That you have sold one or more Realysis Works to Patriot Bank.

**RESPONSE:** Denied. See Response No. 54.

86.     That you have solicited Regions Bank to purchase the Realysis Works.

**RESPONSE:**     Denied. See Response No. 53.

87.     That you have solicited Sycamore Bank to purchase the Realysis Works.

**RESPONSE:**     Denied. See Response No. 53.

88.     That you have sold one or more Realysis Works to Sycamore Bank.

**RESPONSE:**     Denied. See Response No. 54.

89.     That you have solicited Triumph Bank to purchase the Realysis Works.

**RESPONSE:**     Denied. See Response No. 53.

90.     That you have sold one or more Realysis Works to Triumph Bank.

**RESPONSE:**     Denied. See Response No. 54.

91.     That you have solicited Trust One Bank to purchase the Realysis Works.

**RESPONSE:**     Denied. See Response No. 53.

92.     That you have sold one or more Realysis Works to Trust One Bank.

**RESPONSE:**     Denied. See Response No. 54.

93.     That MarketGraphics has not waived its right to enforce any term of the MG
Agreement.

**RESPONSE:**     Admitted.

94.     That MarketGraphics has not waived its right to enforce any term of the License
Agreement.

**RESPONSE:**     Admitted.

95.     That MarketGraphics has not waived its right to enforce any term of the
Confidentiality Letter.

**RESPONSE:**     Admitted.

96.     That MarketGraphics has used the name "MarketGraphics" continuously since 1988
in carrying on the trade of new-home market research in Tennessee. .

**RESPONSE:** Admitted on information and belief.

97. That MarketGraphics has used the name "MarketGraphics" continuously since 1998 in carrying on the trade of new-home market research in the Memphis Metro Area.

**RESPONSE:** Denied. They have not carried on the trade in Memphis, Donald Berge has.

98. That your only use of the name "MarketGraphics" in connection with the trade of new-home market research was made with the permission of, and pursuant to agreement with, MarketGraphics.

**RESPONSE:** Admitted.

99. That the name "MarketGraphics" has come among consumers of new-home market research, to stand for and designate the business of MarketGraphics.

**RESPONSE:** Admitted.

## II. INTERROGATORIES

1.    Identify every member of Realysis, LLC.

    **RESPONSE:**    Martha Berge

2.    Identify every officer or manager of Realysis, LLC.

    **RESPONSE:**    Martha Berge

3.    Identify every member of Realysis of Memphis, LLC.

    **RESPONSE:**    David P. Berge

4.    Identify every officer of Realysis of Memphis, LLC.

    **RESPONSE:**    David P. Berge

5.    Identify every member of Realysis of Jackson, LLC.

    **RESPONSE:**    Donald J. Berge

6.    Identify every officer or manager of Realysis of Jackson, LLC.

    **RESPONSE:**    Donald J. Berge

7.    Identify each person who participated in the formation of any Realysis Entity.

    **RESPONSE:**    John B. Turner, Jr., Attorney

8.    Identify each person who has sold, or attempted to sell, goods or services related to the Memphis Metro Area on behalf of any Realysis Entity.

    **RESPONSE:**    David P. Berge

9.    Identify the date on which you first used the name "Realysis" in connection with new-home-market research.

    **RESPONSE:**    November 2009

10.   Identify every person who has at any time been employed by any Realysis Entity.

    **RESPONSE:**    No employees

11.   State with particularity the factual basis for any affirmative defense asserted in your Answer.

{00057848.DOCX /ver.2} 14

Case 3:13-ap-90400    Doc 15-3    Filed 02/13/14    Entered 02/13/14 16:17:51    Desc
Exhibit Discovery Responses (5/9/13)    Page 14 of 35

**RESPONSE:** There are no affirmative defenses in the Answer.

12.  Identify every communication, regardless of medium, that you have made in the course of marketing, advertising, selling, or otherwise attempting to sell goods or services related to the Memphis Metro Area on behalf of any Realysis Entity.

**RESPONSE:** Client clarification letters.

13.  Identify every document in which you have used, at any time after September 28, 2012, any of the following:

    i) Any written material or terminology copied from a Memphis Work;

    ii) Any pictorial material copied from a Memphis Work;

    iii) Any system or taxonomy for arranging housing-market data copied or derived from a Memphis Work;

    iv) The name "MarketGraphics";

    v) Any item or data copied from the MarketGraphics website (including password-controlled databases accessible via that website).

**RESPONSE:** i, ii, iii, and v: there are none; iv: group client clarification letters dated October 30, 31 and November 9.

14.  Identify every document, if any, on which you predicate any affirmative defense asserted in your Answer.

**RESPONSE:** There were no affirmative defenses in the Answer.

15.  If your response to any Request for Admission was something other than an unqualified admission, state what you contend to be the facts that cause the statement contained in the request to be false.

**RESPONSE:** See Responses to Requests for Admissions.

16.  Identify every person to whom you have sold either a Realysis Work, access to the RQDT for data pertaining to the Memphis Metro Area, or both.

16.     Identify every person to whom you have sold either a Realysis Work, access to the RQDT for data pertaining to the Memphis Metro Area, or both.

**RESPONSE:**     RQDT is not the correct term.  It is RDIT (Realysis Data Interface Tool), and there is no charge for the RDIT.  Access was given to those listed in Requests for Admission Nos. 53-92.

## VERIFICATION

The undersigned certifies that the responses to the foregoing Interrogatories are true and correct.

Signed:

MARTHA BERGE, REGISTERED AGENT
Printed Name and Title:

_Martha Berge_,
Authorized agent of Realysis, LLC

Sworn to and subscribed before me this 24th day of ___May___, 2013.

_Charles K. McKelroy_
NOTARY PUBLIC

My Commission Expires:____**My Commission Expires:**
**June 4, 2013**



CHARLES K. MCKELROY
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY

{00057848.DOCX / ver:2 }          -16-

Case 3:13-ap-90400    Doc 15-3    Filed 02/13/14    Entered 02/13/14 16:17:51    Desc
Exhibit Discovery Responses (5/9/13)    Page 16 of 35

## VERIFICATION

The undersigned certifies that the responses to the foregoing Interrogatories are true and correct.

Signed:

*Martha Berge*

Martha Berge

Sworn to and subscribed before me this **24th** day of **May**, 2013.

*Charles K. McKelvey*

NOTARY PUBLIC

My Commission Expires: **My Commission Expires:**
**June 4, 2013**



{00057848.DOCX / ver:2 }                                    -21-

Case 3:13-ap-90400    Doc 15-3    Filed 02/13/14    Entered 02/13/14 16:17:51    Desc
Exhibit Discovery Responses (5/9/13)    Page 17 of 35

## VERIFICATION

The undersigned certifies that the responses to the foregoing Interrogatories are true and correct.

Signed:

DAVID P. BERGE, REGISTERED AGENT
_____
Printed Name and Title:

_____
Authorized agent of Realysis of Memphis, LLC

Sworn to and subscribed before me this 24th day of ___May___, 2013.

_____
NOTARY PUBLIC

My Commission Expires:_____ **My Commission Expires:**
**June 4, 2013**



{00057848.DOCX / ver:2 }                    -17-

Case 3:13-ap-90400    Doc 15-3    Filed 02/13/14    Entered 02/13/14 16:17:51    Desc
Exhibit Discovery Responses (5/9/13)    Page 18 of 35

## VERIFICATION

The undersigned certifies that the responses to the foregoing Interrogatories are true and correct.

Signed:

_____

David Berge

Sworn to and subscribed before me this 24th day of _____May_____, 2013.



_____
NOTARY PUBLIC

My Commission Expires:_____**My Commission Expires:
June 4, 2013**

{00057848.DOCX / ver:2 }                    -20-

Case 3:13-ap-90400    Doc 15-3    Filed 02/13/14    Entered 02/13/14 16:17:51    Desc
Exhibit Discovery Responses (5/9/13)    Page 19 of 35

## VERIFICATION

The undersigned certifies that the responses to the foregoing Interrogatories are true and correct.

Signed:

_D S Berge_
Donald Berge

Sworn to and subscribed before me this **24th** day of ___May___, 2013.

_Charles K McKelroy_
NOTARY PUBLIC

My Commission Expires:_____ **My Commission Expires:**
**June 4, 2013**



{00057848.DOCX / ver:2 }                    -19-

Case 3:13-ap-90400    Doc 15-3    Filed 02/13/14    Entered 02/13/14 16:17:51    Desc
Exhibit Discovery Responses (5/9/13)    Page 20 of 35

## VERIFICATION

The undersigned certifies that the responses to the foregoing Interrogatories are true and correct.

Signed:

_Donald J. Berge, Registered Agent_
Printed Name and Title:

_DJBerge_ ,

Authorized agent of Realysis of Jackson, LLC

Sworn to and subscribed before me this _24th_ day of _May_ , 2013.

_Charles K McKelway_
NOTARY PUBLIC

My Commission Expires: **My Commission Expires:**
**June 4, 2013**

CHARLES K. MCKELROY
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY

{00057848.DOCX / ver:2 }    -18-

Case 3:13-ap-90400   Doc 15-3   Filed 02/13/14   Entered 02/13/14 16:17:51   Desc
Exhibit Discovery Responses (5/9/13)   Page 21 of 35

## VERIFICATION

The undersigned certifies that the responses to the foregoing Interrogatories are true and correct.

Signed:

_____

Printed Name and Title:



Authorized agent of Realysis of Jackson, LLC

Sworn to and subscribed before me this _____ day of _____, 2013.

_____
NOTARY PUBLIC

My Commission Expires: 6/21/16

JAMI SEIDMAN
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY, TENN.

My Commission Expires JUNE 21, 2016

{00057848.DOCX (ver.2)}
18

Case 3:13-ap-90400   Doc 15-3   Filed 02/13/14   Entered 02/13/14 16:17:51   Desc
Exhibit Discovery Responses (5/9/13)   Page 22 of 35

## VERIFICATION

The undersigned certifies that the responses to the foregoing Interrogatories are true and correct.

Signed:

_Donald J Berge_
Donald Berge

Sworn to and subscribed before me this _____ day of _____, 2013.

_Jami Seidman_
NOTARY PUBLIC

My Commission Expires: 6/21/16



JAMI SEIDMAN
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY, TENN.

My Commission Expires JUNE 21, 2016

### III. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Produce the RQDT and all information stored therein.

     **RESPONSE:**      See flash drive labeled "Q4 2012"

2.      Produce every Realysis Work.

     **RESPONSE:**      See binders labeled Q3 2012 and Q4 2012 Year End.

3.      Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Bancorp South.

     **RESPONSE:**      See folder labeled "RPD 3" on flash drive labeled "RPD"

4.      Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of BankPlus.

     **RESPONSE:**      See folder labeled "RPD 4" on flash drive labeled "RPD"

5.      Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Boyle Investment Company.

     **RESPONSE:**      See folder labeled "RPD 5" on flash drive labeled "RPD"

6.      Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of C&I Appraisal Services.

     **RESPONSE:**      See folder labeled "RPD 6" on flash drive labeled "RPD"

7.      Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Clark & Clark.

     **RESPONSE:**      See folder labeled "RPD 7" on flash drive labeled "RPD"

8.      Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Community Bank, N.A.

     **RESPONSE:**      See folder labeled "RPD 8" on flash drive labeled "RPD"

9.      Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Covenant Bank.

**RESPONSE:**    See folder labeled "RPD 9" on flash drive labeled "RPD"

10.    Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Financial Federal.

**RESPONSE:**    See folder labeled "RPD 10" on flash drive labeled "RPD"

11.    Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of First Alliance Bank.

**RESPONSE:**    See folder labeled "RPD 11" on flash drive labeled "RPD"

12.    Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of First Capital Bank.

**RESPONSE:**    See folder labeled "RPD 12" on flash drive labeled "RPD"

13.    Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of First Citizens National Bank.

**RESPONSE:**    See folder labeled "RPD 13" on flash drive labeled "RPD"

14.    Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of First Security Bank.

**RESPONSE:**    See folder labeled "RPD 14" on flash drive labeled "RPD"

15.    Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of First State Bank.

**RESPONSE:**    See folder labeled "RPD 15" on flash drive labeled "RPD"

16.    Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Independent Bank.

**RESPONSE:**    See folder labeled "RPD 16" on flash drive labeled "RPD"

17.    Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of InSouth Bank.

**RESPONSE:**    See folder labeled "RPD 17" on flash drive labeled "RPD"

18.     Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Integra Realty Services.

**RESPONSE:**     See folder labeled "RPD 18" on flash drive labeled "RPD"

19.     Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of M&F Bank.

**RESPONSE:**     See folder labeled "RPD 19" on flash drive labeled "RPD"

20.     Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Patriot Bank.

**RESPONSE:**     See folder labeled "RPD 20" on flash drive labeled "RPD"

21.     Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Regions Bank.

**RESPONSE:**     See folder labeled "RPD 21" on flash drive labeled "RPD"

22.     Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of the Shelby County School Board.

**RESPONSE:**     See folder labeled "RPD 22" on flash drive labeled "RPD"

23.     Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Sycamore Bank.

**RESPONSE:**     See folder labeled "RPD 23" on flash drive labeled "RPD"

24.     Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of Triumph Bank.

**RESPONSE:**     See folder labeled "RPD 24" on flash drive labeled "RPD"

25.     Produce every document containing or evidencing any communication occurring after December 31, 2007, between you and any representative of TrustOne Bank.

**RESPONSE:**     See folder labeled "RPD 25" on flash drive labeled "RPD"

26.    To the extent not previously requested, produce all documents identified in response to any Interrogatory.

**RESPONSE:**    There are none.

27.    Produce all documents pertaining to Realysis of Memphis, LLC, required to be kept pursuant to Tennessee Code § 48-249-406.

**RESPONSE:**    There are none.

28.    Produce the Articles of Organization for Realysis of Memphis, LLC.

**RESPONSE:**    See file labeled "RPD 28" on flash drive labeled "RPD"

29.    Produce the Operating Agreement for Realysis of Memphis, LLC.

**RESPONSE:**    There are none.

30.    Produce all records of member actions, all financial reports, and all documents pertaining to the internal governance, including minutes and any document evidencing any act or consent by the members, of Realysis of Memphis, LLC.

**RESPONSE:**    There are none.

31.    Produce each invoice, sales agreement, or other document evidencing the sale of every copy of a Realysis Work that you have sold.

**RESPONSE:**    See folder labeled "RPD 31" on flash drive labeled "RPD"

32.    Produce each invoice, sales agreement, or other document evidencing any subscription, whether paid or gratuitous and for any length of time, to the RQDT.

**RESPONSE:**    Included on invoice free of charge. See No. 31 above.

33.    Produce every contract, other than a sales contract identified in and produced in response to Request for Production 31 or Request for Production 32, to which Realysis of Memphis, LLC, is party.

**RESPONSE:**    There are none.

34. Produce all documents pertaining to Realysis, LLC, required to be kept pursuant to Mississippi Code § 79-29-115.

**RESPONSE:** See file labeled "RPD 34" on flash drive labeled "RPD"

35. Produce all records of member actions, all financial reports, and all documents pertaining to the internal governance, including minutes and any document evidencing any act or consent by the members, of Realysis, LLC.

**RESPONSE:** There are none.

36. Produce the original Certificate of Organization and all amendments to that Certificate for Realysis, LLC.

**RESPONSE:** See file labeled "RPD 36" on flash drive labeled "RPD"

37. Produce the original Operating Agreement and all amendments to that Operating Agreement for Realysis, LLC.

**RESPONSE:** There are none.

38. Produce every contract, other than a sales contract identified in and produced in response to Request for Production 31 or Request for Production 32, to which Realysis, LLC, is a party.

**RESPONSE:** There are none.

39. Produce all documents pertaining to Realysis of Jackson, LLC, required to be kept pursuant to Mississippi Code § 79-29-115.

**RESPONSE:** See file labeled "RPD 39" on flash drive labeled "RPD"

40. Produce the original Certificate of Organization and all amendments to that Certificate for Realysis of Jackson, LLC.

**RESPONSE:** See file labeled "RPD 40" on flash drive labeled "RPD"

41. Produce the original Operating Agreement and all amendments to that Operating Agreement for Realysis of Jackson, LLC.

{00057848.DOCX / ver 2} 26

Case 3:13-ap-90400   Doc 15-3   Filed 02/13/14   Entered 02/13/14 16:17:51   Desc
Exhibit Discovery Responses (5/9/13)   Page 28 of 35

**RESPONSE:**     There are none.

42.    Produce all records of member actions, all financial reports, and all documents pertaining to the internal governance, including minutes and any document evidencing any act or consent by the members, of Realysis of Jackson, LLC.

**RESPONSE:**     There are none.

43.    Produce every contract, other than a sales contract identified in Request for Production 31 or Request for Production 32, to which Realysis of Jackson, LLC, is a party.

**RESPONSE:**     There are none.

44.    Produce all documents pertaining to or used in the creation of the RQDT.

**RESPONSE:**     We are not in possession of those documents.

45.    Except to the extent otherwise requested, produce all documents pertaining to or used in the creation of any Realysis Work.

**RESPONSE:**     Those documents were not retained.

46.    Produce all documents delivered by you to any purchaser of a Realysis Work.

**RESPONSE:**     See No. 2.

47.    Except to the extent already requested, produce all documents that contain or evidence solicitations or marketing efforts by you for the RQDT.

**RESPONSE:**     There are none.

48.    Produce all user manuals for the RQDT.

**RESPONSE:**     There are none.

49.    Except to the extent already requested, produce all documents that contain or evidence solicitations or marketing efforts by you for any Realysis Work.

**RESPONSE:**     There are none.

{00057848.DOCX / ver 2 }                                               27

Case 3:13-ap-90400    Doc 15-3    Filed 02/13/14    Entered 02/13/14 16:17:51    Desc
Exhibit Discovery Responses (5/9/13)    Page 29 of 35

50.    To the extent not previously requested, produce all documents evidencing or containing communications between you and any person in which you ascribe, explicitly or implicitly, ownership or authorship of any Memphis Work or the contents of any Memphis Work to any person other than MarketGraphics.

**RESPONSE:**    In a large font on the cover, the Memphis Work was labeled (1998-2005) as "A Service of MarketGraphics" / Don Berge.  We do not have a copy.

51.    Produce all versions of the website realysis.com that have been accessible via the world-wide web at any time since your acquisition of the domain name.

**RESPONSE:**    Same website design from the beginning. See Complaint Exhibit 6.

52.    Produce all versions of the website www.marketgraphicsofmemphis.com that have been accessible via the world-wide web at any time since your acquisition of the domain name.

**RESPONSE:**    Not a website, only a dormant domain name.

53.    Produce all versions of the website www.marketgraphics.net that have been accessible via the world-wide web at any time since your acquisition of the domain name.

**RESPONSE:**    Not a website, only a dormant domain name.

54.    Produce all versions of the website www.helixedge-dt.com/Realysis that have been accessible via the world-wide web at any time since your acquisition of the domain name.

**RESPONSE:**    Same as Realysis.com.  See Complaint Exhibit 6.

55.    Produce all documents containing or evidencing communications between you and any person responsible for creating or maintaining the websites, or any one or two of the websites, hosted at realysis.com, marketgraphics.net, www.helixedge-dt.com/Realysis, and marketgraphicsofmemphis.com.

**RESPONSE:**    This is unanswerable.  The htmls are not websites but domain names, so there was no creation or maintaining of websites.

56.   Produce all documents containing or evidencing communications between you and MarketGraphics.

**RESPONSE:**   Only Defendant Don Berge has access to the requested information and is attempting to locate and assimilate that information and will supplement this response as quickly as is reasonably possible.

57.   Produce all documents in your possession executed by any representative of MarketGraphics.

**RESPONSE:**   Only Defendant Don Berge has access to the requested information and is attempting to locate and assimilate that information and will supplement this response as quickly as is reasonably possible.

58.   To the extent not previously requested, produce all documents pertaining to the formation of Realysis of Memphis, LLC.

**RESPONSE:**   See RPD No. 28.

59.   To the extent not previously requested, produce all documents pertaining to the formation of Realysis, LLC.

**RESPONSE:**   See RPD No. 36.

60.   To the extent not previously requested, produce all documents pertaining to the formation of Realysis of Jackson, LLC.

**RESPONSE:**   See RPD No. 40.

61.   Produce all documents in the nature of a business plan or that otherwise state the intended operations of Realysis, LLC.

**RESPONSE:**   There are none.

62.   Produce all documents in the nature of a business plan or that otherwise state the intended operations of Realysis of Memphis, LLC.

**RESPONSE:**   There are none.

63. Produce all documents in the nature of a business plan or that otherwise state the intended operations of Realysis of Jackson, LLC.

**RESPONSE:**     There are none.

64. To the extent not previously requested, produce all documents that evidence or effected the membership structure of Realysis of Memphis, LLC.

**RESPONSE:**     See RPD No. 28 and file labeled "RPD 64" on flash drive labeled "RPD"

65. To the extent not previously requested, produce all documents that evidence or effected the membership structure of Realysis, LLC.

**RESPONSE:**     See RPD No. 36.

66. To the extent not previously requested, produce all documents that evidence or effected the membership structure of Realysis of Jackson, LLC.

**RESPONSE:**     See RPD No. 40.

67. To the extent not previously requested, produce all documents that relate to the MG Agreement, the License Agreement, the Confidentiality Letter, or any combination thereof, including documents related to your performance or nonperformance thereunder.

**RESPONSE:**     There are none.

68. Produce all documents sent to or received from any person you expect to testify as an expert witness.

**RESPONSE:**     Expert witnesses have not yet been selected and will depend on initial discovery whether or not any will be used.

69. Produce all documents reviewed or relied upon by any person you expect to testify as an expert witness.

**RESPONSE:**     Once an expert has been selected, it will be determined what, if any, documents will be used.

70.  Produce each portion of a Memphis Work, each map or other pictorial work related to the Memphis Metro Area, and each other document or part thereof placed at issue by the Complaint for which you contend that you own the copyright.

**RESPONSE:**  See folder labeled "RPD 70" on flash drive labeled "RPD"

71.  Produce each field sheet form or data-recording system used by you to record subdivision data that was subsequently sent to MarketGraphics. This request seeks each distinct form or template, not every individual document on which subdivision data was in fact recorded.

**RESPONSE:**  See file labeled "RPD 71" on flash drive labeled "RPD"

72.  Produce each field sheet form or data-recording system used by you to record subdivision data for use in a Realysis Report. This request seeks each distinct form or template, not every individual document on which subdivision data was in fact recorded.

**RESPONSE:**  See file labeled "RPD 72" on flash drive labeled "RPD"

73.  Produce each field sheet form or data-recording system used by you to record subdivision data for use in the RQDT. This request seeks each distinct form or template, not every individual document on which subdivision data was in fact recorded.

**RESPONSE:**  Same as RPD No. 72, data entered only once.

74.  Except to the extent already requested, produce all documents that were used by you as part of MarketGraphics' system or procedures.

**RESPONSE:**  I shipped 240 lbs of MG documents in five shipments via FedEx and UPS between October 2, 2012 and October 8, 2012 to MGR in Franklin. MGRG documents and procedures became obsolete. I did not use for many years, except for field sheet.

75.  To the extent not previously requested, produce all documents that constitute ESI and that contain the word "Realysis."

**RESPONSE:**    Only Defendant Don Berge has access to the requested information and is attempting to locate and assimilate that information and will supplement this response as quickly as is reasonably possible.

76.    To the extent not previously requested, produce all documents that constitute ESI and that contain the word "MarketGraphics," the abbreviation "MG," the phrase "Market Graphics," or any combination thereof.

**RESPONSE:**    Only Defendant Don Berge has access to the requested information and is attempting to locate and assimilate that information and will supplement this response as quickly as is reasonably possible.

77.    To the extent not previously requested, produce all documents that constitute ESI and that contain the word "Edsel."

**RESPONSE:**    Only Defendant Don Berge has access to the requested information and is attempting to locate and assimilate that information and will supplement this response as quickly as is reasonably possible.

78.    To the extent not previously requested, produce all documents to which you referred or relied upon in providing a response to any Interrogatory.

**RESPONSE:**    Only Defendant Don Berge has access to the requested information and is attempting to locate and assimilate that information and will supplement this response as quickly as is reasonably possible.

Respectfully submitted,

Daniel D. Warlick, BPR No. 10310
611 Commerce Street
Suite 2712, The Tower
Nashville, Tennessee 37203
(615) 254-6117

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the original of the foregoing unverified Responses has been hand-delivered to:

Eugene N. Bulso, Jr., Esq.
Paul J. Krog, Esq.
Leader, Bulso & Nolan, PLC
414 Union Street, Suite 1740
Nashville, TN 37219

this day 9th of May, 2013.

_____
Daniel D. Warlick

{00057848.DOCX /ver.2 }

Case 3:13-ap-90400    Doc 15-3    Filed 02/13/14    Entered 02/13/14 16:17:51    Desc
Exhibit Discovery Responses (5/9/13)    Page 35 of 35