Marian F. Harrison
US Bankruptcy Judge

Dated: 9/30/2014



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 313-07626 |
| DAVID PETER BERGE, | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) |
| | ) Chapter 7 |
| | ) |
| MARKETGRAPHICS RESEARCH | ) ADV. NO. 313-90400 |
| GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID PETER BERGE, | ) |
| | ) |
| Defendant. | ) |

_____

## MEMORANDUM OPINION
_____

The plaintiff filed the above-styled adversary complaint to determine whether its claim against the debtor is non-dischargeable pursuant to 11 U.S.C. § 523. The plaintiff filed a motion for summary judgment, asserting that its District Court judgment establishes the elements of 11 U.S.C. § 523(a)(6) and is entitled to collateral estoppel. For the following reasons, the Court finds that the plaintiff's motion for summary judgment should be denied.

# I. UNDISPUTED FACTS

On August 22, 2013, the District Court for the Middle District of Tennessee granted summary judgment in the plaintiff's lawsuit against the debtor. The District Court found that the debtor had willfully or knowingly violated the Tennessee Consumer Protection Act (hereinafter "TCPA") and entered judgment against him for $72,328 in compensatory and $144,656 in treble damages. The District Court also found that the debtor had willfully infringed on the plaintiff's valid copyrights and entered judgment against him for $108,752 in damages. The plaintiff asserts that its claim is non-dischargeable based on the collateral estoppel effect of the District Court's judgment. The debtor concedes that the District Court judgment is entitled to collateral estoppel as to the elements of 11 U.S.C. § 523(a)(6) with the exception of malice.

# II. DISCUSSION

### A. Summary Judgment Standards

Pursuant to Fed. R. Civ. P. 56(a), as incorporated by Fed. R. Bankr. P. 7056, an entry of summary judgment is mandated "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, the Court "must view the evidence and draw all reasonable inferences in favor of the nonmoving party." ***Browning v. Levy,*** 283 F.3d 761, 769 (6th Cir. 2002) (citation omitted). The Court does not "'weigh the evidence and

determine the truth of the matter but . . . determine[s] whether there is a genuine issue for trial.'" *Id.* (citation omitted).

### B. Collateral Estoppel

The doctrine of collateral estoppel prevents a party from relitigating issues that were actually litigated in a prior proceeding. ***Markowitz v. Campbell (In re Markowitz)***, 190 F.3d 455, 461 (6th Cir. 1999) (citations omitted). "Principles of collateral estoppel apply in non-dischargeability actions." ***Livingston v. Transnation Title Ins. Co. (In re Livingston),*** 372 Fed. App'x. 613, 617 (6th Cir. 2010) (unpublished) (citations omitted).

Where the prior judgment is from a federal court and involves a federal question, federal issue preclusion law applies. ***Semtek Int'l Inc. v. Lockheed Martin Corp.,*** 531 U.S. 497, 508 (2001). Whereas, when a federal judgment is based on a state law issue, the issue preclusion law of the state in which the federal court sits is generally applied unless there is a countervailing federal interest. *Id.* Accordingly, in this case, the Court must look to federal issue preclusion law as to the copyright infringement judgment and to Tennessee law as to the TCPA judgment.

Federal "[i]ssue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,'

Case 3:13-ap-90400    Doc 61    Filed 09/30/14    Entered 09/30/14 13:29:57    Desc Main
Document      Page 3 of 8

even if the issue recurs in the context of a different claim." ***Taylor v. Sturgell,*** 553 U.S. 880, 892 (2008) (citations omitted). Under Tennessee law, collateral estoppel requires a showing of the following elements:

> [1.] that the issue sought to be precluded is identical to the issue decided in the earlier suit; [2.] that the issue sought to be precluded was actually litigated and decided on its merits in the earlier suit; [3.] that the judgment in the earlier suit has become final; [4.] that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier suit; and [5.] that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier suit to litigate the issue now sought to be precluded.

***Patton v. Estate of Upchurch***, 242 S.W.3d, 781, 787 (Tenn. Ct. App. 2007) (citation omitted).

### C. 11 U.S.C. § 523(a)(6)

Pursuant to 11 U.S.C. § 523(a)(6), a debt is nondischargeable when the debt is "for willful and malicious injury by the debtor to another entity or to the property of another entity." Section 523(a)(6) provides that a debt that is both willful and malicious is nondischargeable. When relying on collateral estoppel, "the [prior] judgment must be for an injury that is both willful and malicious. The absence of one creates a dischargeable debt." ***In re Markowitz,*** 190 F.3d 455, 463.

A malicious injury occurs "when a person acts in conscious disregard of [his] duties or without just cause or excuse." ***J & A Brelage, Inc. v. Jones (In re Jones),*** 276 B.R. 797,

803 (Bankr. N.D. Ohio 2001) (citation omitted). "[M]alice does not require any ill will or specific intent to do harm, only to do an act without just cause or excuse, but that is beyond negligence or recklessness." *West Michigan Cmty. Bank v. Wierenga (In re Wierenga)*, 431 B.R. 180, 185 (Bankr. W.D. Mich. 2010) (citations omitted).

### i. Tennessee Consumer Protection Act

In order to recover under the TCPA, a plaintiff must prove that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and that the defendant's conduct caused an ascertainable loss of money or property. T.C.A. § 47-18-109(a)(1). Under the TCPA, a defendant's conduct need not be willful or even knowing, but if it is, the trial court is permitted to award treble damages under T.C.A. § 47-18-109(a)(3). *Tucker v. Sierra Builders,* 180 S.W.3d 109, 115-16 (Tenn. Ct. App. 2005) (citations and footnote omitted).

In *Tomlin v. Crownover (In re Crownover),* 417 B.R. 45 (Bankr. E.D. Tenn. 2009), the plaintiffs' pre-petition state court judgment against the debtor was, in part, for violations of the TCPA, and the plaintiffs sought to use the doctrine of collateral estoppel to obtain summary judgment against the debtor on their dischargeability claims. The court concluded that the state court judgment was insufficient to establish all the intentional elements of the plaintiffs' nondischargeability claims and denied in part the plaintiffs' motion for summary judgment. The court noted that "[t]he plaintiffs' argument under § 523(a)(6) fails because

5 - U.S. Bankruptcy Court, M.D. Tenn.

they erroneously equate 'willful and malicious' in § 523(a)(6) with 'unfair or deceptive' in the state court's judgment." *Id.* at 58.

In the present case, the District Court ruled that "pursuant to Tennessee Code Ann. § 47-18-109(a)(3), that the Defendants . . . willfully or knowingly violated the Tennessee Consumer Protection Act," and awarded treble damages to the plaintiff. The award of treble damages under the TCPA does not require a finding of malice, nor does the District Court's order reflect a finding of malice. As stated in *In re Markowitz,* an injury must be both willful and malicious to be non-dischargeable under 11 U.S.C. § 523(a)(6). 190 F.3d at 463. Because the District Court did not make a finding of malice, the plaintiff is not entitled to collateral estoppel on this element of 11 U.S.C. § 523(a)(6).

### ii. Copyright Infringement

In the District Court judgment, the Court held that the debtor's "infringement was willful." The Court also held that the debtor violated the Anticybersquatting Consumer Protection Act (hereinafter "ACPA"). To establish a copyright infringement claim, a plaintiff must show "ownership of a valid copyright" and that "defendant copied protectable elements of the work." ***Lexmark Int'l, Inc. v. Static Control Components, Inc.***, 387 F.3d 522, 534 (6th Cir. 2004). While the elements of copyright infringement do not include intent, the District Court ruled that the debtor's infringement was willful. However, as stated in ***In***

*re Markowitz,* 190 F.3d at 463, willful and malicious are distinct elements of 11 U.S.C. § 523(a)(6).

Under the ACPA, cybersquatting includes the act of registering or using a domain name that is identical or confusingly similar to another entity's trademark or service mark (or personal name that is protected as a mark) with the bad faith intent of making a profit. 15 U.S.C. § 1125(d)(1). As to the defendant's state of mind, there is no mention in the ACPA of willfulness or malice, only of bad faith intent to profit. In *HER, Inc. v. Barlow (In re Barlow),* 478 B.R. 320 (Bankr. S.D. Ohio 2012), the court declined to decide whether a finding of bad faith under ACPA would lead in every case to a ruling that the resulting debt is nondischargeable under 11 U.S.C. § 523(a)(6). *Id*. at 335. Instead, the court based its finding of collateral estoppel on the District Court's award of significant statutory damages and attorneys' fees after stating that "courts award such damages where a defendant 'willfully, intentionally and maliciously acted in bad faith with intent to profit.'" *Id.* Unlike the underlying record in *In re Barlow*, the District Court's judgment in this case includes no such findings regarding the debtor's conduct, and there is no basis for concluding that issue preclusion should apply on the issue of malice.

## III. CONCLUSION

Accordingly, the Court finds that the plaintiff's motion for summary judgment should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

8 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:13-ap-90400    Doc 61    Filed 09/30/14    Entered 09/30/14 13:29:57    Desc Main Document    Page 8 of 8