Dated: 6/28/2018

Marian F. Harrison
US Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 313-07626 |
| DAVID PETER BERGE, | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) |
| | ) Chapter 7 |
| | ) |
| MARKETGRAPHICS RESEARCH | ) ADV. NO. 313-90400 |
| GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID PETER BERGE, | ) |
| | ) |
| Defendant. | ) |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court upon MarketGraphics Research Group, Inc.'s ("MarketGraphics") renewed motion for summary judgment based on collateral estoppel. For the following reasons, the Court finds that MarketGraphics' motion for summary judgment should be denied.

# I. PROCEDURAL BACKGROUND

Prior to bankruptcy, the District Court entered judgment in favor of MarketGraphics against the debtor in the amount of $332,314.94, jointly and severally with three other defendants. The District Court found in a memorandum and order prepared by MarketGraphics' counsel on the default summary judgment that the debtor "willfully or knowingly violated the Tennessee Consumer Protection Act" ("TCPA") and that the debtor's copyright infringement was willful.

After the debtor filed his bankruptcy petition, MarketGraphics filed this adversary complaint to determine the dischargeability of its claim pursuant to 11 U.S.C. § 523(a)(6). MarketGraphics sought summary judgment relief based on collateral estoppel resulting from the District Court's action. This Court denied the motion, and MarketGraphics filed an interlocutory appeal. After MarketGraphics' appeal was dismissed by the District Court and the Sixth Circuit Court of Appeals, this Court conducted a trial and determined that the debt owed to MarketGraphics was dischargeable and dismissed MarketGraphics' complaint. MarketGraphics again appealed. The District Court affirmed the findings of this Court following trial but reversed this Court's decision on the initial summary judgment decision and remanded the case "to determine the matter of issue preclusion on first impression." To decide whether issue preclusion should apply, the District Court remanded the case to determine whether the District Court in the underlying judgment held that the debtor willed or desired harm or believed that injury was substantially certain to occur as a result of his

behavior. In MarketGraphics' renewed motion for summary judgment, it asserts that issue preclusion applies to the District Court's findings regarding the TCPA, copyright infringement, and common law claims.

## II. DISCUSSION

### A. Summary Judgment Standards

Pursuant to Federal Rule of Civil Procedure 56(a), as incorporated by Federal Rule of Bankruptcy Procedure 7056, an entry of summary judgment is mandated "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, the Court "must view the evidence and draw all reasonable inferences in favor of the nonmoving party." ***Browning v. Levy,*** 283 F.3d 761, 769 (6th Cir. 2002) (citation omitted). The Court does not "'weigh the evidence and determine the truth of the matter but . . . determine[s] whether there is a genuine issue for trial.'" *Id.* (citation omitted).

### B. Issue Preclusion

Issue preclusion prevents a party from relitigating issues that were actually litigated in a prior proceeding. ***Markowitz v. Campbell (In re Markowitz)***, 190 F.3d 455, 461 (6th Cir. 1999) (citations omitted). "Principles of collateral estoppel apply in non-dischargeability actions." ***Livingston v. Transnation Title Ins. Co. (In re Livingston),*** 372 Fed. App'x 613, 617 (6th Cir. 2010) (unpublished) (citations omitted).

3 - U.S. Bankruptcy Court, M.D. Tenn.

Whether federal or state law applies when seeking collateral estoppel from a federal court judgment appears to be in a state of confusion. Some courts hold that collateral estoppel application from any federal court judgment rests on federal preclusion law. *Trost v. Trost (In re Trost)*, 545 B.R. 193, 203 (Bankr. W.D. Mich. 2016) (citations omitted); *J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 213-14 (6th Cir. 1996) (citations omitted). The Supreme Court has stated that federal court judgments based on state law claims in diversity actions rely on state issue preclusion standards, although the opinion noted that the state and federal standards for issue preclusion were similar. *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 508 (2001). In this case, federal and state law are almost identical. The federal law of issue preclusion requires:

> (i) the issue in the subsequent litigation is identical to that resolved in the earlier litigation;
>
> (ii) the issue was actually litigated and decided in the prior action;
>
> (iii) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation;
>
> (iv) the party to be estopped was a party to the prior litigation (or in privity with such a party); and
>
> (v) the party to be estopped had a full and fair opportunity to litigate the issue.

*In re Trost,* 545 B.R. at 204 (citing *Verizon North Inc. v. Strand*, 367 F.3d 577, 583 (6th Cir. 2004)).

Tennessee law applies essentially the same standards for collateral estoppel as federal law. *Mullins v. State*, 294 S.W.3d 529, 535 (Tenn. 2009). Accordingly, it makes no difference which law is applied. This opinion relies on the federal standards recited above.

### C. 11 U.S.C. § 523(a)(6)

Exceptions to discharge are to be strictly construed. *Gleason v. Thaw*, 236 U.S. 558, 562 (1915). Pursuant to 11 U.S.C. § 523(a)(6), a debt is nondischargeable when the debt is "for willful and malicious injury by the debtor to another entity or to the property of another entity." Therefore, "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). "[U]nless 'the actor desires to cause the consequences of his act, or . . . believes that the consequences are substantially certain to result from it,' he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *In re Markowitz*, 190 F.3d 455, 464 (internal citation omitted).

### D. Tennessee Consumer Protection Act

In the present case, the District Court ruled that "pursuant to Tennessee Code Ann. § 47-18-109(a)(3), that the Defendants . . . willfully or knowingly violated the Tennessee Consumer Protection Act," and awarded treble damages to MarketGraphics. The issue is whether that judgment included a finding that the debtor intended harm to MarketGraphics or was substantially certain that harm would occur as required under 11 U.S.C. § 523(a)(6).

5 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:13-ap-90400    Doc 138    Filed 06/29/18    Entered 06/29/18 07:18:57    Desc Main
Document      Page 5 of 11

If so, then MarketGraphics is entitled to collateral estoppel and summary judgment on its TCPA claim.

To recover under the TCPA, a plaintiff must prove that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and that the defendant's conduct caused an ascertainable loss of money or property. T.C.A. § 47-18-109(a)(1). Under the TCPA, a defendant's conduct need not be willful or even knowing, but if it is, the trial court is permitted to award treble damages under T.C.A. § 47-18-109(a)(3). ***Tucker v. Sierra Builders,*** 180 S.W.3d 109, 115-16 (Tenn. Ct. App. 2005) (citations omitted).

The term "willful" is not defined in the TCPA, but courts have interpreted the "willful" requirement as "nothing more than intentional." ***Akers v. Bonifasi***, 629 F. Supp. 1212, 1223 (M.D. Tenn. 1984) (citation omitted). ***See also Mills v. Partin***, No. M2008-00136-COA-R3-CV, 2008 WL 4809135, at *7 (Tenn. Ct. App. Nov. 4, 2008) (citing *Akers*). The term "knowing" is defined as "actual awareness of the falsity or deception, but actual awareness may be inferred where objective manifestations indicate that a reasonable person would have known or would have had reason to know of the falsity or deception." T.C.A. § 47-18-103(10).

MarketGraphics cites several cases in support of its assertion that "willful and knowing" under the TCPA is the same as that required under 11 U.S.C. § 523(a)(6) (a finding

that the actor desires to cause the consequences of his act or believes that the consequences are substantially certain to result from it). The problem is that the cases cited by MarketGraphics do not address the meaning of "willful and knowing" under the TCPA.[1]

MarketGraphics also rejects as simply wrong the opinion in *Tomlin v. Crownover (In re Crownover),* 417 B.R. 45 (Bankr. E.D. Tenn. 2009). In *Crownover*, the plaintiffs' pre-petition state court judgment against the debtor was, in part, for violations of the TCPA, and the plaintiffs sought to use the doctrine of collateral estoppel to obtain summary judgment against the debtor on their dischargeability claims. In deciding that the judgment for violations of the TCPA was not entitled to collateral estoppel with regard to nondischargeability under 11 U.S.C. § 523(a)(6), the court pointed out that "willful" under the TCPA means the debtor intended to commit the acts, *id.* at 58, but 11 U.S.C. § 523(a)(6) requires a finding that the debtor intended his actions to bring about the harm suffered. *Id.* As in *Crownover*, the District Court could have made a specific finding that the debtor violated the TCPA with the intent to cause harm or that the debtor believed that the harm was substantially certain to result from his actions. The underlying complaint did not include

---

[1] *See Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 371 (Tenn. 2011) (defendant who intended to create apprehension of harm in plaintiff has committed intentional tort of assault); *Mix v. Miller*, 27 S.W.3d 508, 515 (Tenn. Ct. App. 1999) (reviewing intent under unrelated statute); *Steier v. Best (In re Best)*, 109 F. App'x 1, 5 (6th Cir. 2004) ("Debts arising out of these types of misconduct satisfy the willful and malicious injury standard: intentional infliction of emotional distress, malicious prosecution, conversion, assault, false arrest, intentional libel, and deliberately vandalizing the creditor's premises.").

7 - U.S. Bankruptcy Court, M.D. Tenn.

specific factual allegations, analogous to 11 U.S.C. § 523(a)(6), and the District Court judgment only states that the debtor violated the TCPA.

The TCPA does not require a finding that the actor desired to cause the consequences of his act or believed that the injuries were substantially certain to result from it, and there is no clear finding of such in the underlying District Court judgment or factual allegation in the underlying complaint. Accordingly, summary judgment on MarketGraphics' TCPA claim must be denied.

### E. Copyright Infringement

The same is true as to the copyright infringement claim. In the underlying judgment, the District Court held that the debtor's "infringement was willful." To establish a copyright infringement claim, a plaintiff must show "ownership of a valid copyright" and that the "defendant copied protectable elements of the work." ***Lexmark Int'l, Inc. v. Static Control Components, Inc.***, 387 F.3d 522, 534 (6th Cir. 2004). In ***Princeton Univ. Press v. Michigan Document Serv. Inc.***, 99 F.3d 1381 (6th Cir. 1996), the Sixth Circuit Court of Appeals defined willful in the context of copyright infringement:

> "In other contexts ['willfulness'] might simply mean an intent to copy, without necessarily an intent to infringe. It seems clear that as here used, 'willfully' means with knowledge that the defendant's conduct constitutes copyright infringement. Otherwise, there would be no point in providing specially for the reduction of minimum awards in the case of innocent infringement, because any infringement that was nonwillful would necessarily be innocent. This seems to mean, then, that one who has been notified that his conduct

constitutes copyright infringement, but who reasonably and in good faith believes the contrary, is not 'willful' for these purposes." Melville B. Nimmer & David Nimmer, 3 *Nimmer on Copyright* § 14.04 [B] [3] (1996).

. . . [T]he issue is whether the copyright law supported the plaintiffs' position so clearly that the defendants must be deemed as a matter of law to have exhibited a reckless disregard of the plaintiffs' property rights.

*Id.* at 1392. ***See also Digital Filing Sys., L.L.C. v. Agarwal***, No. 03-70437, 2005 WL 1702954, at *2 (E.D. Mich. July 20, 2005) (citing ***Princeton Univ. Press***); ***Zomba Enters. Inc. v. Panorama Records, Inc.***, 491 F.3d 574, 585 (6th Cir. 2007) (willfulness includes reckless disregard of plaintiffs' property rights); ***Abercrombie & Fitch Trading Co. v. Importrade USA, Inc.,*** No. 07-23212-CIV-ALTONAGA/Brown, 2009 WL 10668408, at *2 (S.D. Fla. Aug. 18, 2009) (citations omitted) (willful copyright infringement requires actual knowledge or reckless disregard).

In ***Barboza v. New Form, Inc.***, 545 F.3d 702 (9th Cir. 2008), the court considered the relationship between the Copyright Act and 11 U.S.C. § 523(a)(6):

[I]n the District Court Action, the jury was instructed that the infringement was willful if Appellants "knew that they were infringing the [Appellee's] copyrights or that they acted with ***reckless disregard*** as to whether they were doing so." The jury found that Appellants willfully infringed Appellee's copyright by making unlawful copies of ten India Maria Pictures. However, the Bankruptcy Court had no way to determine whether the jury found the willful infringement based on a ***reckless disregard or a knowing*** violation of Appellee's copyright.

Even though recklessness is sufficient for a finding of willful copyright infringement, the Supreme Court has clearly held that injuries resulting from recklessness are *not* sufficient to be considered willful injuries under § 523(a)(6) of the Bankruptcy Code and are therefore insufficient to merit an

9 - U.S. Bankruptcy Court, M.D. Tenn.

> exemption to dischargeability. *Geiger*, 523 U.S. at 60–61, 118 S. Ct. 974. In *Geiger*, the Supreme Court specifically limited "willful" injuries under § 523(a)(6) to "deliberate or intentional" injuries. *Id.* at 61, 118 S. Ct. 974. Therefore, if a finding of "willful" copyright infringement is based merely on reckless behavior, the resulting statutory award would not fit within the § 523(a)(6) exemption.

*Id.* at 708 (emphasis added). *See also Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017) (citation omitted) ("a finding of willful infringement does not require a showing of actual knowledge; a showing of recklessness or willful blindness is sufficient").

In the present case, the underlying District Court judgment is not entitled to issue preclusion on the issue of dischargeability because the term "willful or knowing" under the Copyright Act does not equate with a desire to cause the consequences of an act or a belief that the consequences are substantially certain to result from it.

### F. Common Law Allegations

Several common law claims were made by the plaintiff, including unfair competition, civil conspiracy, and interference with business relations. The District Court Judgment set forth no undisputed facts or conclusions of law on these claims, and damages were not awarded in the judgment for these claims. Accordingly, any reference to these allegations in the District Court's order were not essential to its judgment. *See SunTrust Bank v. Bennett (In re Bennett)*, 517 B.R. 95, 106 (Bankr. M.D. Tenn. 2014) ("The party asserting the doctrine of collateral estoppel in seeking to bar litigation of an issue has the burden of proving that the issue was necessary to the judgment."); *In re Trost*, 545 B.R. 193, 203.

## III. CONCLUSION

Accordingly, the Court finds that the plaintiff's motion for summary judgment should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.